[Civ. No. 1960.   Second Appellate District.—November 8, 1917.]

## BESSIE C. RAYHILL, Respondent, v. SOUTHERN PACIFIC COMPANY (a Corporation), et al., Appellants.

NEGLIGENCE—LOSS OF AUTOMOBILE—COLLISION WITH RAILROAD TRAIN AT CROSSING—EVIDENCE—CONTRIBUTORY NEGLIGENCE.—In an action for damages for the loss of plaintiff's automobile, which was struck by a train of the defendant, the plaintiff, as a matter of law, is guilty of such contributory negligence as to prevent recovery, where it is shown that she approached a dangerous railroad crossing where the conditions were such as to prevent persons from seeing an approaching train before it had arrived in close proximity to the junction with the highway, that she was driving an automobile in which was a moving engine which made some noise, and that she at no time took the precaution to stop and listen until it was too late to avoid the injury.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order denying a new trial. J. W. Curtis, Judge.

The facts are stated in the opinion of the court.

Henry T. Gage, and W. I. Gilbert, for Appellants.

George L. Greer, Daley & Byrne, and John W. Summerfield, for Respondent.

JAMES, J.—Defendant appealed from a judgment awarding damages to the plaintiff on account of the loss of an automobile which was struck by a train of the defendant. Appeal is also taken from an order denying defendant's motion for a new trial. The evidence is presented by bill of exceptions, and it is claimed that the proof was insufficient to justify the verdict of the jury and that the court should have granted the motion of defendant for judgment of nonsuit. The questions so presented depend for solution upon the proposition as to whether upon the evidence introduced on behalf of the plaintiff or upon the whole evidence, it should be concluded that the plaintiff was guilty of contributory negligence. In our opinion, the case presented is one where the plaintiff, measuring her acts by all of the testimony favorable to her case, failed to use

such precautions for the safety of her property as is required of a reasonably prudent person under the circumstances shown. The plaintiff's automobile was wrecked at a point near the town of Claremont and while upon a roadway known as Ramona Avenue, which crosses the tracks of the defendant at right angles. These tracks at that point run in an easterly and westerly direction and in a straight line for several miles on either side of the point of accident. Plaintiff testified that about 1:15 in the afternoon on a "still" day she drove southerly along Ramona Avenue and approached the crossing; that she was driving a four-cylinder automobile and traveling at the rate of approximately ten miles per hour; that she could not see the railroad tracks to the eastward of the crossing by reason of an orange orchard aligning the right of way and brush, corn-stalks and sunflowers upon the right of way, until she reached a point about opposite a crossing sign, which was there for the purpose of advising users of the highway of the proximity of the railroad, which sign post, she testified, was "about twelve or thirteen feet from the crossing." She testified that from the place where she sat in her automobile the front of the machine would project about seven feet ahead of her; that the engine of her automobile made some noise, and that she did not at any point, while coming down Ramona Avenue, stop the automobile to listen for the approach of trains, and that she heard no train approaching, nor did she hear a whistle sounded or bell rung; that when she reached the crossing-post she threw on her emergency brake, without stopping the engine of the automobile, and that she and two young lady passengers who were with her all jumped from the machine and were not injured; that the "overhang" of one of the engines of the heavy freight train caught the automobile and demolished it; she testified that this was a very long train of freight-cars; that it was coming on a downgrade at the rate of from fifty to sixty miles an hour, without using steam; that after striking the automobile the train ran by twenty or thirty car-lengths before it stopped; that when she started to stop her automobile the car was about thirteen feet from the track and the front engine about two hundred feet away from her; that the train was about sixty cars long, having attached to it one engine in front and two engines on the rear. As to the ability of a person to see eastward along the track of the railway for a considerable distance while traveling along Ramona Avenue and before the

limits of the right of way were reached, there was testimony flatly contradictory to that given by the plaintiff, and there was also testimony that the bell on the engine had been ringing continuously from the time the train had left the last station up to the time the accident occurred. Considering the contentions, however, made by appellant as we have before stated them, we have recited the evidence of the plaintiff in its strongest aspect, realizing that wherever a conflict occurred the jury was entitled to give the greater credit and weight, if it so determined, to the evidence introduced by the plaintiff. As to its salient points, the evidence of the plaintiff was corroborated by that of the two ladies who were passengers in the automobile at the time of the accident. The amount of overhang of the engine was given without dispute by one of the engineers as being from twenty-eight to thirty inches. It may be added that the plaintiff also testified that she was very familiar with the location of the crossing and its surroundings; she also knew that the track was being constantly used for the operation of trains by defendant company. It then appears that the plaintiff approached a dangerous railroad crossing where the conditions were such as to prevent persons from seeing an approaching train before it had arrived in close proximity to the junction with the highway; that she was driving an automobile in which was a moving engine which made some noise, and that she at no time took the precaution to stop and listen until it was too late to avoid injury. Upon her own testimony (and the fact was not disputed), the train which collided with the automobile was a long, heavy freight train, one which, while "coasting" or traveling without the use of steam, was bound to make a noise that would give notice of its approach for a considerable distance; especially on a "still" day, as the plaintiff testified the day in question was. The plaintiff having shown by her testimony that she could not be advised of the approach of a train until within about thirteen feet of the track by looking, on account of the obstructions which stood in the way, she shows a situation to have existed which would require of her more diligence in the use of her remaining faculties in order to act as a reasonably prudent person should. It seems to us that the inevitable conclusion must be drawn that had the plaintiff, at a safe distance from the track, stopped her automobile, stilled the noise of its engine and listened for the approach of a train, she could not have

failed to have been warned of the danger; that under such facts it must be said as a matter of law that she was guilty of contributory negligence. "The railroad track of a steam railway must itself be regarded as a sign of danger, and one intending to cross must avail himself of every opportunity to look and to listen for approaching trains. What he must do in such a case will depend upon circumstances. If the view of the track is obstructed, he should take greater pains to listen. If, taking these precautions, he would have seen or heard the approaching train, the very fact of injury will raise a presumption that he did not take the required precautions." (*Herbert* v. *Southern Pacific Co.*, 121 Cal. 227, [53 Pac. 651].) As is said in the case of *Chrissinger* v. *Southern Pacific Co.*, 169 Cal. 619, [149 Pac. 175]: "Undoubtedly the question of contributory negligence or freedom from it is ordinarily one for the jury, but . . . the standard of conduct is so obvious as to be applicable to all persons, and the plaintiff has failed to measure up to that standard under the circumstances shown, he is not entitled to have his case go to the jury." We cite further as applicable to the proposition, the cases of *Zibbell* v. *Southern Pacific Co.*, 160 Cal. 237, [116 Pac. 513]; *Martin* v. *Southern Pacific Co.*, 150 Cal. 124, [88 Pac. 701].

For the reasons stated, the judgment and order must be reversed.

The judgment and order are reversed.

Conrey, P. J., and Works, J., *pro tem.*, concurred.